(No. 13051.—Cause transferred.)
ROBERT G. MOORE, Appellee, *vs.* THE STATE BANK OF CHICAGO, Appellant.

*Opinion filed February 18, 1920.*

APPEALS AND ERRORS—*when constitutional question is not involved.* In establishing probate courts the legislature has conferred jurisdiction on them in the language of section 20 of article 6 of the constitution, and the question whether the probate court has jurisdiction to allow a claim by a guardian of the person of a minor for expenditures is one of statutory construction, only, and does not warrant a direct appeal from the circuit court to the Supreme Court.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY HORNER, Judge, presiding.

CHYTRAUS, HEALY & FROST, and JOHN PETER BARNES, for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal to this court from a judgment of the circuit court of Cook county affirming a judgment of the probate court of said county. Robert G. Moore, appellee, is the guardian of the person of Harold Nelson Virden, a minor. Appellant, the State Bank of Chicago, is guardian of the estate of said minor. Appellee filed in the probate

court what purported to be an account of receipts and disbursements by him on account of the minor and a personal account against the minor's estate, upon which he asked a judgment and an order for payment by the probate court. His right to judgment and order of payment was contested by appellant, but the probate court allowed his claim in the sum of $1250 and ordered its payment by appellant. The judgment, on appeal to the circuit court, was affirmed, and appellant has prosecuted this appeal direct to this court.

The only proof offered by appellee in the circuit court was the account and claim filed by him in the probate court and the judgment of the probate court. Appellant objected to the sufficiency of the proof and filed eighteen objections in writing. Appellant also objected in writing that neither the circuit nor probate court had jurisdiction to render the judgment. All these objections and motions were overruled and judgment rendered. The appeal was prosecuted direct to this court on the claim that the construction of section 20 of article 6 of the constitution is involved. Appellee has not filed any brief.

The provision of the constitution referred to provides that, when established, probate courts shall have original jurisdiction "of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts." The legislature, in providing for the establishing of probate courts, conferred jurisdiction on them in exactly the same language as the constitution. (Hurd's Stat. 1917, chap. 37, par. 220.) The question is therefore one of statutory rather than constitutional construction, and that question has, in effect, been passed upon in *Kingsbury* v. *Powers,* 131 Ill. 182.

We are of opinion that the appeal should have been taken to the Appellate Court for the First District, and it is accordingly transferred to that court.   *Cause transferred.*